leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ.

In the Matter of ROBERT W. DOUGHTY, an Attorney.—Application denied. We have scrupulously examined the petition and answer and all of the affidavits presented on this motion for discipline. The charges are not supported by any tangible proof. The explanation of all of the incidents contained in these charges is complete and convincing. The charges are in such form, and the language is so intemperate, that, taken into consideration with former charges made by the same petitioner against the same respondent in 1926, we conclude they have no substance and are unfounded. They should, therefore, be dismissed. Present — Lazansky, P. J., Young, Kapper, Hagarty and Scudder, JJ.

In the Matter of PARIS MONTROSE, an Attorney.— Motion for reinstatement granted. Present — Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ.

HERMAN STREIGER, Doing Business under the Style and Firm Name of HYSTRAGER & Co., Respondent, v. JOSEPH WARGA, Appellant.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ.

BERNARD A. WECHSLER, Respondent, v. MEYER STRUNSKY, Appellant.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ.

MAX ARBERMAN, an Infant, by IGNATZ ARBERMAN, His Guardian ad Litem, Respondent, v. RUPP BROTHERS MOTOR SALES CORPORATION, Appellant, and WILLIAM METZGER, Defendant.— Order of Appellate Term affirming order and judgment of the Municipal Court, and said order and judgment, reversed on the law and a new trial ordered, costs to appellant to abide the event. The original verdict was inconsistent and should have been set aside. (*Pangburn* v. *Buick Motor Co.*, 211 N. Y. 228; *Cohen* v. *Wiener, Inc.*, 179 App. Div. 902: *Rosenkrantz* v. *Standard Motor Service Company, Inc.*, 181 id. 886.) And the trial court was without power to correct it. (*Porret* v. *City of New York*, 252 N. Y. 208, 211.) Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ., concur.

BECKRIDGE CORPORATION, Respondent, v. BREVORT DEVELOPING CORPORATION and Others, Defendants, and JACOB F. RASKIN, Appellant.— Order reversed on the law and the facts, with ten dollars costs and disbursements, and appellant's motion to open his default and to vacate the judgment made thereon granted, with ten dollars costs. In our opinion, the appellant's answer presents a partial defense to the plaintiff's cause of action and his default on the trial is excusable. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.

AUGUST BELTER, Respondent, v. JOHN R. G. VAN WINKLE, Appellant.— Judgment and order denying motion to set aside verdict reversed upon the law and a new trial granted, costs to appellant to abide the event, on authority of *Belter* v. *Van Winkle* (*post*, p. 886), decided herewith. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

CHRISTINE BELTER, Respondent, v. JOHN R. G. VAN WINKLE, Appellant.— Judgment and order denying motion to set aside verdict reversed upon the law and a new trial granted, with costs to appellant to abide the event, for error in the admission of testimony of the physician who examined plaintiff for the purpose of testifying and not for treatment, which was based upon her statements to the doctor of conditions from which she claimed to be suffering, and which were

wholly subjective. (*Davidson* v. *Cornell*, 132 N. Y. 228.) There were also hypothetical questions put to this medical witness which were based wholly or in part upon hearsay or information obtained from the plaintiff; and the testimony as to the permanency of alleged injuries or suffering was error in so far as it related to subjective conditions detailed to the doctor by the plaintiff. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.